UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVRA AKAGI SCHER and JOHN
SOHEI AKAGI,

                          Plaintiffs,

          -v.-

TURIN HOUSING DEVELOPMENT
FUND COMPANY, INC., *et al.*,

                         Defendants.

19 Civ. 2089 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff John Sohei Akagi's request for adjournment of the trial presently scheduled for January 22, 2024, and of the attendant schedule for pretrial filings. (Dkt. #138). This request is joined by co-Plaintiff Avra Akagi Scher and joined in part by Defendants Turin Housing Development Fund Company, Inc. and several of its Board members. For the reasons stated in the remainder of this Order, the Court denies the request.

To review, this case was filed on March 6, 2019. (Dkt. #1). After a stay occasioned by related proceedings then pending in state court, Defendants filed an answer on July 8, 2019 (Dkt. #32), and the parties proceeded to discovery (Dkt. #30). After the conclusion of discovery in 2019, the parties cross-moved for summary judgment in 2020, which motions were granted in part and denied in part in an oral decision issued on February 3, 2021. (Dkt. #89; *see also* Dkt. #100 (April 22, 2021 Order denying motion for reargument)).

For several reasons, including courtroom restrictions occasioned by the COVID-19 pandemic, trial in this matter was scheduled in an order dated

April 22, 2021, to take place on eleven months later, on March 7, 2022.  (Dkt. #101; *see also* Dkt. #104 (order adjourning trial to week of March 17, 2022)). In January 2022, at the request of the parties, the Court referred the matter to mediation (Dkt. #107), which did not succeed (Dkt. #109).  The Court then directed the parties to file a letter on or before July 12, 2022, proposing next steps in the matter.  (Dkt. #109).  After delays occasioned by Plaintiffs' counsel's motion to withdraw (*see, e.g.*, Dkt. #121 (order granting motion to withdraw)), and the need to allow incoming counsel sufficient opportunity to get up to speed on the case, the Court issued a scheduling order on May 23, 2023, setting a trial date of January 22, 2024, and requiring the parties to file certain pretrial materials on or before December 20, 2023 (Dkt. #137).

The Court heard nothing from the parties for the ensuing seven months, until its staff reached out to the parties to confirm that the January 2024 trial was going forward.  Put simply, the Court scheduled the trial seven months ago because of its burgeoning trial schedule, and the Court's trial calendar lacks the flexibility envisioned by Plaintiff's counsel's request to adjourn.

Even if the Court had such flexibility, it would not adjourn the trial date on this record.  To begin, counsel for Mr. Akagi now expresses an interest in amending the operative complaint and reopening discovery.  However, no such motion has been made, and it is exceedingly unlikely that any such motion would be granted.  Although "[l]eave to amend should be freely granted" pursuant to Rule 15(a)(2), this Court "has the discretion to deny leave if there [is] a good reason for it, such as futility, bad faith, undue delay, or undue

2

prejudice to the opposing party.'"  *In re Arab Bank, PLC Alien Tort Statute Litig.*,

808 F.3d 144, 159 (2d Cir. 2015) (quoting *Jin* v. *Metro. Life Ins. Co.*, 310 F.3d

84, 101 (2d Cir. 2002)), *as amended* (Dec. 17, 2015); *see also Foman* v. *Davis*,

371 U.S. 178, 182 (1962) (analyzing the standard for a post-judgment motion

to amend).

    As relevant here, where "'a scheduling order governs amendments to the

complaint,' and a plaintiff wishes to amend after the deadline to do so has

passed, the plaintiff must show good cause to modify the deadline under Rule

16." *BPP Illinois, LLC* v. *Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 195

(2d Cir. 2017) (quoting *Holmes* v. *Grubman*, 568 F.3d 329, 334-35 (2d Cir.

2009)).  "Whether good cause exists turns on the 'diligence of the moving

party.'" *Holmes*, 568 F.3d at 334-35 (quoting *Grochowski* v. *Phoenix Constr.*,

318 F.3d 80, 86 (2d Cir. 2003)).  Indeed, a court "may deny leave to amend for

lack of diligence even if amendment would not prejudice the non-movant."

*Suarez* v. *California Nat. Living, Inc.*, No. 17 Civ. 9847 (VB), 2019 WL 5188952,

at *2 (S.D.N.Y. Oct. 15, 2019) (citing *Gullo* v. *City of New York*, 540 F. App'x 45,

47 (2d Cir. 2013) (summary order)).  There is no suggestion in this record that

Plaintiff or his counsel acted with the requisite diligence; conversely, granting

leave to amend one month before trial is scheduled to begin would prejudice

both Defendants and the Court.  For similar reasons, the Court sees no reason

to reopen discovery, which has been closed for more than three years.

    That leaves the issue of Plaintiff's absent expert witness.  (Dkt. #138 at

2).  Plaintiff's counsel has provided no timeline regarding when, and under

what circumstances, Mr. Gold became unavailable to serve as an expert witness.  What is on the docket is a seven-month-old trial scheduling order from this Court, which order this Court has no reason to depart from.

For all of these reasons, Plaintiff Akagi's motion for adjournment is DENIED.  The Court expects to receive the parties' pretrial submissions in accordance with the existing schedule.  Further, given certain concerns expressed by Defendants' counsel regarding the timing of receipt of Plaintiffs' portions of the Joint Pretrial Order, the Court orders that such submissions be shared with Defendants' counsel on or before **Monday, December 18, 2023, at 5:00 p.m.**

SO ORDERED.

Dated:   December 14, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge